UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DAVE MISCH, Board of Trustees Chairman, on behalf of PLUMBERS LOCAL NO. 210 WELFARE FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CAUSE NO.: 2:06-CV-425-TS |
| PIPING TECHNOLOGIES NORTH, INC. and BERNARD PAUL GOLDEN, | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On October 19, 2007, the Plaintiffs filed their Amended Complaint [DE 15] against the Defendants, seeking damages for the Defendants' alleged violation of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Defendants filed their Answer [DE 17], on November 15, 2007. After a prolonged period of discovery, the Plaintiffs filed their Motion for Summary Judgment [DE 30] on May 1, 2009, and their Amended Memorandum in Support [DE 34] on May 29. As the Defendants have neither filed a response, nor sought leave for an extension of time to do so, the motion is now ripe for ruling.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that

party.'" *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608–09 (7th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed. R. Civ. P. 56(e)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Thus, a court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AA Sales & Assocs.*, 550 F.3d at 609. However, the court is not required to draw every conceivable inference from the record—only reasonable ones. *Spring v. Sheboygan Area Sch. Dist.*, 865 F.2d 883, 886 (7th Cir. 1989).

## STATEMENT OF FACTS

For the purpose of ruling on this Motion for Summary Judgment, the Court finds the

following facts, as laid out in the Plaintiffs' Statement of Material Facts not in Dispute.[1] At all times during the events that led to this lawsuit, Plaintiff Plumbers Local No. 210 (the Union) and the Defendant Piping Technologies North, Inc. (Piping Tech North) have had a collective bargaining agreement which requires the payment of hourly contributions to the following trust funds: Plaintiffs Plumbers Local N. 210 Welfare Fund; Plumbers Local No. 210 Retirement Fund; Local No. 210 Joint Apprenticeship Fund; Plumbers and Pipefitters National Pension Fund; and Plumbers International Training Fund (the trust funds). The contract requires that Piping Tech North deduct money from its bargaining unit employees' paychecks for the purpose of transmitting the money to the Union for distribution.

On or about August 23, 3007, the Plaintiff's payroll auditor completed its January 1, 2005, through September 30, 2007, payroll audit of the Defendant company's books and records. The audit found that a total of $14,403.52 in delinquent contributions, deductions, wages, interest, liquidated damages and audit fees were owed but unpaid. Despite the Plaintiffs' numerous requests, the Defendants have not paid the outstanding money. The trust funds filed the instant Complaint pursuant to Sections 502 and 515 of ERISA

**RELEVANT STATUTORY AND FEDERAL REGULATIONS**

Section 502 of ERISA states:

(a) Persons entitled to bring a civil action.
    A civil action may be brought . . .
        (3) by a . . . fiduciary (A) to enjoin any act or practice which

---

[1] "In determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed on opposition . . . ." L.R. 56.1. No such statement has been filed in opposition in this case.

violates any provision of this subchapter or the terms of the plan.
29 U.S.C. § 1132.

Section 515 states:

Every employer who is obligated to make contributions to a multi-employer plan under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement. 29 U.S.C. § 1145.

The relevant statute with respect to the Plaintiff Union and the Defendants is 29 U.S.C. § 185, which states:

(a) Venue, amount, and citizenship

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

## DISCUSSION

The importance of an audit finding of delinquency in an ERISA case was stated by the Seventh Circuit in *Sullivan v. Cox*

The audit revealed delinquent contributions of $106,746.53, plus penalties and interest. On this basis, Plaintiff successfully moved for summary judgment against Cox on its ERISA claim. Section 1145 of ERISA states,

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. ERISA essentially imposes a federal obligation on employers who contractually agree to contribute to employee pension plans. Employers who fail to

4

meet the Section 1145 obligation are liable for federal remedies, court costs, attorney's fees, and liquidated damages or interest.

78 F.3d 322, 324 (7th Cir. 1996).

When a Court makes a finding of delinquency, it must award the plan sponsor the unpaid contributions and interest on the unpaid contributions. *See Laborers' Pension Fund v. A & C Envtl., Inc.*, 301 F.3d 768, 778 (citing *Cen. States, SE and SW Areas Pension Fund* v. *Gerber Truck Serv., Inc.*, 870 F.3d 1148, 1156 (7th Cir. 1989). In this case, without the benefit of a response from the Defendants, the Court finds that the submitted affidavits and depositions adequately support a finding that the Defendants have been delinquent in the amount stated in the Plaintiffs' Amended Complaint. As such, the Court is compelled to award the Plaintiffs the unpaid contributions and interest as a matter of law. Therefore, the Plaintiffs are entitled to summary judgment against the Defendants in the total amount of $14,403.52, exclusive of attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment [DE 30] is GRANTED.

SO ORDERED on November 13, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION