# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVE MISCH, Board of Trustees Chairman, on behalf of PLUMBERS LOCAL NO. 210 WELFARE FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO.: 2:06-CV-425-TS ) |
| PIPING TECHNOLOGIES NORTH, INC. and BERNARD PAUL GOLDEN, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

In this Court's Opinion and Order [DE 35] of November 13, 2009, it granted the Plaintiffs' Motion for Summary Judgment against the Defendants, awarding the Plaintiffs delinquent contributions owed to them under the Employee Retirement Income Security Act of 1974, as amended (ERISA). The judgment awarded the Plaintiffs a total of $14,403.52, exclusive of attorneys' fees and costs. This matter is now before the Court on the Plaintiffs' Motion for Attorneys's Fees and Costs [DE 37], filed on November 25, 2009. The Plaintiffs ask the Court to award them $7,175.00 in attorneys' fees and costs of $396.20. The Defendants have not responded to or otherwise opposed the Plaintiffs' Motion. The time for responding having now passed, the Motion is ripe for ruling. Finding the requested fees and costs reasonable, the Court will grant the Motion.

## DISCUSSION

Section 502 of ERISA states that "In any action under this subchapter . . . in which a judgment in favor of the plan is awarded, the court shall award the plan- reasonable attorney's

fees and costs of the action, to be paid by the defendant [.]" 29 U.S.C. § 1132(g)(2)(D). District courts have wide discretion to determine what constitutes reasonable attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (cited in *Moriarty ex rel. Local Union No. 727, I.B.T. Pension Trust v. Svec*, 429 F.3d 710, 717 (7th Cir. 2005)). In determining a reasonable amount of attorneys' fees, "the district court must demonstrate that it has considered the proportionality of attorneys' fees to the total damage award . . . ." *Moriarty v. Svec II*, 233 F.3d 955, 963 (7th Cir. 2001). The Seventh Circuit has mandated that district court orders should "evidence increased reflection before awarding attorney's fees that are large multiples of the damages recovered or multiples of the damages claimed . . . ." *Id.* at 968. "In addition, the district court must provide an explanation of the hourly rate used." *Id.* at 965.

Initially, the Court finds that the amount of fess and costs requested is not disproportionate to the amount of the judgment previously awarded. In contrast to the Seventh Circuit's directive to reflect before awarding attorneys' fees and costs that are many times the damages claimed, the requested fees in this case are less than half of the damages awarded—a fraction rather than a multiple. Additionally, the Court has evidenced "reflection" before awarding fees and costs, as evidenced by its evaluation of the Plaintiffs' summary sheet of the fees and costs, detailed below.

Second, the Plaintiffs have provided the Court with an affidavit and spreadsheet that allows it to provide an explanation of the hourly rate used. The detailed accounting indicates that of the attorneys who worked on the case, Paul T. Berkowitz billed at $200.00 an hour, Teresa Padden billed at $75.00 an hour, Thomas E. Moss billed at $200.00 an hour, and Joseph Pawlick billed at $200.00 an hour. These rates are well within the range of what has been awarded in

2

similar cases. In any case, the lawyer's regular rate is strongly presumed to be the market rate for his or her services. *See, e.g.*, *Moriarty v. Svec*, 233 F.3d 955, 966 (7th Cir. 2000); *Central States Pension Fun v. Central Cartage Co.*, 76 F.3d 114, 116–17 (7th Cir. 1996). The Plaintiffs have done a commendable job of itemizing their fees and costs in fifteen-minute increments, and the Court can thus make the finding that the requested fees and costs are reasonable.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Attorneys' Fees and Costs [DE 37] is GRANTED.

SO ORDERED on February 4, 2010.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION